IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | **JURY TRIAL DEMAND** |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## NATURE OF THE ACTION

This action is filed pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Adrian Tucker ("Ms. Tucker"), who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Wal-Mart Stores East, LP ("Defendant"), violated the ADA when it failed to provide a reasonable accommodation for Ms. Tucker and discharged her because of a disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Sections

706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(l) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Statesville Division.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII. 42 U.S.C. § 2000e-5(f)(l) and (3).

5. At all relevant times, Defendant, a Delaware corporation, operated a chain of hypermarkets, discount department stores, grocery stores, and distribution centers in North Carolina, including Walmart Store No. 1662 located at 1116 Crossroads Drive, Statesville, North Carolina 28677 (the "Facility").

6. At all relevant times, Defendant has continuously done business in the State of North Carolina and in Iredell County, North Carolina and has continuously maintained at least fifteen (15) employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

9. More than thirty (30) days prior to the institution of this lawsuit, Ms. Tucker filed a charge with the Commission alleging violations of the ADA by Defendant.

10. On February 20, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. By letter dated July 29, 2021, the Commission notified Defendant that conciliation had failed.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. From around September 2016 until around April 25, 2017, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, by failing to provide reasonable accommodation for Ms. Tucker's disability.

16. Since at least September 2016, Defendant has engaged in unlawful employment practices at the Facility in violation of § 12112(a) and (b)(5) by failing to provide a reasonable accommodation to Ms. Tucker and terminating her employment because of her disability.

16. Ms. Tucker is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

17. Ms. Tucker has, Crohn's disease, a physical impairment that substantially limits the major life activity of the operation of her digestive and bowel systems.

18. During the period from September 2016 through April 2017, Ms. Tucker's disability caused diarrhea, stomach cramping, dehydration, and vomiting of such severity that Ms. Tucker was unable to work for limited intermittent periods and required emergency medical treatment on multiple occasions between November 2016 and April 2017.

## COUNT 1:

### Failure to Accommodate in Violation of the ADA

19. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16 above.

20. Ms. Tucker began working for Defendant as a full-time Sales Associate at the Facility on or around February 11, 2014.

21. Ms. Tucker worked in the Deli department with job duties that included, but were not limited to, slicing meat and cheese, taking customer orders, taking catering orders over the phone and in person, preparing food items for the hot bar, lifting boxes of chicken that weighed up to 50 pounds, operating and cleaning equipment, and handwashing dishes.

22. When Ms. Tucker began experiencing symptoms related to Crohn's disease in or around September 2016, including stomach cramping, vomiting, and/or diarrhea which increased in severity and became more frequent over time, she continued to work at the Facility despite those symptoms.

23. On several occasions between November 2016 and April 2017, the physical symptoms related to Ms. Tucker's disability required her to seek emergency medical treatment.

24. Beginning in November 2016 and continuing throughout the remainder of her employment, Ms. Tucker kept Defendant apprised of her medical condition, the physical symptoms related to her disability, and her associated medical treatments.

25. Beginning in November 2016 and continuing throughout the remainder of her employment, Ms. Tucker communicated with Defendant each time she needed to be excused from work because of her disability and related necessary treatment.

26. At all relevant times, Ms. Tucker was qualified to perform the essential functions of her job with reasonable accommodation.

27. At all relevant times, Ms. Tucker performed her job in a manner that met Defendant's legitimate job performance expectations.

28. On or around November 1, 2016, Ms. Tucker suffered a medical episode, related to her disability, while at work which necessitated her transport to the emergency room. Defendant's management was notified of the medical episode and that Ms. Tucker was taken to the emergency room.

29. When Ms. Tucker returned to work after the November 1, 2016 disability-related medical episode, she informed Defendant of her medical treatment for her medical her disability

and requested that her absences be excused. Ms. Tucker also provided Defendant with a doctor's note documenting her absences.

30. Defendant did not excuse the absences related to Ms. Tucker's November 1, 2016 disability-related medical episode.

31. On or around January 5, 2017, Ms. Tucker suffered a disability-related medical episode while at work which necessitated her transport to the emergency room. Defendant's management was notified of the medical episode and that Ms. Tucker was taken to the emergency room.

32. When Ms. Tucker returned to work after the January 5, 2017 disability-related medical episode, she informed Defendant of her medical treatment and requested that her absence be excused. Ms. Tucker also provided Defendant with a doctor's note documenting the reason for her absence.

33. Defendant excused the absence related to Ms. Tucker's January 5, 2017 medical episode.

34. On or around January 22, 2017, Ms. Tucker suffered a disability-related medical episode while at work which necessitated her transport to the emergency room. Defendant's management was notified of the medical episode and that she was taken to the emergency room.

35. When Ms. Tucker returned to work after the January 22, 2017 disability-related medical episode, she informed Defendant of her medical treatment, and requested that her absence be excused. Ms. Tucker also provided Defendant with a doctor's note documenting the reason for her absence.

6

Case 5:23-cv-00044-KDB-SCR    Document 1    Filed 03/27/23    Page 6 of 12

36. Defendant excused Ms. Tucker's absence related to Ms. Tucker's January 22, 2017 medical episode.

37. During January and February 2017, the symptoms of Ms. Tucker's disability intensified, and she was experiencing multiple episodes a day of nausea, vomiting, cramping and diarrhea.

38. In or around late January or early February 2017, Ms. Tucker requested a reasonable accommodation for her disability from Defendant's management.

39. Specifically, Ms. Tucker requested the following accommodations (a) a leave of absence; (b) to work part time; and/or (c) to be transferred to a position that was closer to the bathroom.

40. Defendant did not respond to Ms. Tucker's request for accommodation.

41. In or around mid to late February 2017, Ms. Tucker's disability-related symptoms were so severe she needed to call out of work. When Ms. Tucker returned to work, she provided Defendant with a doctor's note documenting the reason for her absences.

42. Defendant did not excuse Ms. Tucker's mid to late February absences.

43. Between February 25 and April 4, 2017, Defendant granted Ms. Tucker a personal leave of absence from work to get treatment for her medical condition. Ms. Tucker returned to work on or around April 4, 2017.

44. Upon her return to work on or around April 4, 2017, Ms. Tucker informed Defendant of her need for additional medical treatment related to her disability.

45. On or around April 22, 2017, Ms. Tucker was hospitalized because of her disability.

46. When she returned to work after her hospitalization, Ms. Tucker requested a reasonable accommodation in the form of leave so that she did not lose her job because of her disability.

47. Defendant did not grant Ms. Tucker's request for accommodation or otherwise excuse Ms. Tucker's disability-related absences due to being hospitalized in late April 2017.

48. On or about April 24, 2017, Ms. Tucker again requested reasonable accommodation for her disability in the form of intermittent leave because her symptoms were becoming more severe.

49. On or about April 25, 2017, Defendant denied Ms. Tucker's request for reasonable accommodation in the form of intermittent leave.

50. Defendant failed to grant any of Ms. Tucker's requests for reasonable accommodation including her requests for (a) intermittent leave; (b) excused disability related absences; and (c) transfer to a position closer to the bathroom.

51. Providing Ms. Tucker with intermittent leave, excusing her absences, or transferring her to another position closer to the bathroom would have enabled Ms. Tucker to perform the essential functions of her job.

52. Providing Ms. Tucker with intermittent leave, excusing her absences, or transferring her to another position closer to the bathroom would not have imposed an undue hardship on Defendant.

53. Defendant failed to provide a reasonable accommodation to Ms. Tucker, a qualified individual with a disability.

54. Defendant failed to engage in the interactive process with Ms. Tucker.

55. The practices complained of above are unlawful and in violation of the ADA.

56. The practices complained of above have deprived Ms. Tucker of equal employment opportunities and have otherwise adversely affected her status as an employee because of her disability.

57. The practices complained of above were intentional.

58. The practices complained of above were conducted with malice or with reckless indifference to the federally protected rights of Ms. Tucker.

59. As a direct and proximate result of Defendant's violation of the ADA, Ms. Tucker suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

**COUNT II:**
**Disability Discrimination in Violation of the ADA**

60. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 59 above.

61. Defendant has engaged in unlawful employment practices at the Facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112, including but not limited to Section 102(a) and (b)(5)(B) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(B), by terminating Ms. Tucker's employment because of her disability.

62. On or about April 25, 2017, Defendant discharged Ms. Tucker for accruing more than nine unauthorized absence-related occurrence points during the preceding six-month period in violation of Defendant's Attendance and Punctuality Policy.

63. Specifically, Defendant discharged Ms. Tucker for missing work on November 1, 2016, November 3, 2016, November 4, 2016, February 16, 2017, February 17, 2017, April 13, 2017, April 22, 2017, and April 23, 2017. Under Respondent's policy, a single unauthorized absence can result in more than one occurrence point.

64. Ms. Tucker had informed Defendant at the time of each absence that the absence was related to her disability.

65. The practices complained of above are unlawful and in violation of the ADA.

66. The practices complained of above have deprived Ms. Tucker of equal employment opportunities and have otherwise adversely affected her status as an employee because of her disability.

67. The practices complained of were intentional.

68. The practices complained of were done with malice or with reckless indifference to the federally protected rights of Ms. Tucker.

69. As a direct and proximate results of Defendant's unlawful conduct, Ms. Tucker suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from discriminating against individuals because of their disabilities, including termination based on

disability and failure to provide reasonable accommodation to qualified individuals with disabilities, in violation of the ADA.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Adrian Tucker whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay.

D. Order Defendant to make Adrian Tucker whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, including loss of insurance benefits and resulting damages in amounts to be determined at trial.

E. Order Defendant to make Adrian Tucker whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay to Adrian Tucker punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this  27th day of March, 2023.

                                            U.S. EQUAL EMPLOYMENT
                                            OPPORTUNITY COMMISSION

                                            GWENDOLYN YOUNG REAMS
                                            Acting General Counsel
                                            U.S. EQUAL EMPLOYMENT
                                            OPPORTUNITY COMMISSION
                                            131 M Street, NE
                                            Washington, D.C. 20507

                                            CHRISTOPHER LAGE
                                            Deputy General Counsel

                                            MELINDA C. DUGAS
                                            Regional Attorney

                                            EMILY J.C. MALONEY
                                            Trial Attorney

                                            s/  *Emily Maloney*
                                            EMILY J.C. MALONEY
                                            Trial Attorney
                                            NC Bar No. 52820
                                            U.S. EQUAL EMPLOYMENT
                                            OPPORTUNITY COMMISSION
                                            Charlotte District Office
                                            129 West Trade Street, Suite 400
                                            Charlotte, North Carolina 28202
                                            Telephone: (980) 296-1252
                                            Facsimile: (704) 954-6412
                                            Email: emily.maloney@eeoc.gov

                                            **ATTORNEYS FOR PLAINTIFF**