IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:23-CV-00044-KDB-SCR

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) ) ) Plaintiff, ) ) v. ) ) WAL-MART STORES EAST, LP ) ) Defendant. ) ) ) | **CONSENT PROTECTIVE ORDER** |

The Parties move the Court for entry of this Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated.

IT IS HEREBY ORDERED THAT:

1. <u>There is Good Cause for this Protective Order</u>. This action was filed pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Wal-Mart Stores East, LP ("Defendant"), violated the ADA by failing to provide a reasonable accommodation for Adrian Tucker ("Tucker") and by discharging her because of her disability. Defendant denies these allegations in their entirety. The matters at issue in this lawsuit will include, among other things, whether: Tucker was a qualified individual with a disability within the meaning of the ADA; whether Defendant had notice of her alleged need for accommodation; whether Defendant failed to provide reasonable

1

accommodations leading to her discharge; whether Tucker's employment was terminated because of her disability or for other alleged legitimate, nondiscriminatory reasons; whether and to what extent Tucker may be entitled to an award of pecuniary (including backpay) and nonpecuniary compensatory damages; whether and to what extent Tucker may be entitled to an award of punitive damages; and whether and what type of injunctive relief may be awarded in this case. The Parties believe in good faith that information requested and/or exchanged during the course of discovery is likely to include personnel information, medical information, financial information, and business information not known to the general public, as well as personally identifiable information, personally sensitive information and/or confidential and proprietary information regarding Tucker and Defendant, as well as Defendant's employees and other third parties.

2. General Scope of the Agreement. This Consent Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed from third parties, in connection with depositions or otherwise, and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. Confidential Materials, as used in this Order, shall refer to any document or item designated as confidential including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

The following documents and/or information may be designated as confidential pursuant to this Order: (a) medical records, medical opinions or other health-related information; (b) personal information about Defendant's employees, such as social security numbers, wage or salary information, tax information, personnel records, and health insurance information; and (c) confidential or proprietary business and personal information, such as income tax returns, balance sheets, profit and loss statements, information about vendors, customers, pricing formulas, inventory management, marketing, internal complaints, and other litigation; and (d) information protected by or subject to federal, state, or foreign data protection laws or other privacy obligations, like the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information) and the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).

The Parties agree that such Confidential Materials as described in this paragraph should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation or use for purposes other than prosecuting or defending the claims in this lawsuit.

3. <u>Designation as Confidential</u>. Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as Confidential Materials, in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 2 of this Agreement. There will be two categories of confidentiality (1) "CONFIDENTIAL: Subject to Protective Order" and (2) "CONFIDENTIAL: Restricted Use."

Designations shall be made at the time the information in produced or furnished, or at a later time as provided herein.

4. <u>Procedure for Designating Information as Confidential Materials</u>.  The Parties may designate Confidential Materials in the following manner:

a) In the case of documents or other written materials, such as answers to interrogatories, answers to requests for admissions, and responses to requests for production and documents produced in accordance with such requests, by affixing to each page of every such document, at the time of production, the words "CONFIDENTIAL: Subject to Protective Order" or "CONFIDENTIAL: Restricted Use" by stamp or other method which will make the word conspicuous.  Alternately, answers deemed to contain confidential information may be bound separately and marked with the words "CONFIDENTIAL: Subject to Protective Order" or "CONFIDENTIAL: Restricted Use;"

b) In the case of documents produced in native format, by including the words "CONFIDENTIAL: Subject to Protective Order" or "CONFIDENTIAL: Restricted Use" by stamp or other method which will make the word conspicuous, on a slip-sheet within the production identifying that the document is produced in native format and by including the words "CONFIDENTIAL: Subject to Protective Order" or "CONFIDENTIAL: Restricted Use," or within the filename of the native file produced;

c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Materials are about to be or have been disclosed.  Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that

party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential. Any party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, or such other time as agreed to by the parties, designate portions of the transcript, or exhibits thereto, as confidential. Designations of transcripts will apply to audio, video, or other recordings of the testimony. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL: Subject to Protective Order" or "CONFIDENTIAL: Restricted Use" legend to the designated pages and segregate them as appropriate.

5. <u>Restricted Use of Information</u>.

a) Documents/information designated as "CONFIDENTIAL: Subject to Protective Order" pursuant to paragraphs 2 through 4 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

    i. The Court (including the Clerk's office, stenographic reporters, and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

    ii. Counsel for the parties, employees of counsel, and employees of the EEOC who have responsibility for the preparation for trial and trial of this lawsuit;

    iii. Any service contractors (i.e., court reporters or outside photocopying or imaging services) engaged by counsel and the parties regarding this action;

iv. Employees, agents and consultants of counsel, the EEOC and the parties who are responsible for maintaining and providing technical support as to the electronic storage system(s) where Confidential Materials are stored;

v. The parties, including Defendant's in-house counsel, their staff members, their professional and para-professional employees, officers or managers of a party who have a need to know the information for purposes of this litigation;

vi. Any consulting and testifying experts retained and/or designated by a party in this action;

vii. The Charging Party for whom the Commission seeks relief in this case;

viii. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew about the information;

ix. Mediators engaged by the parties and the mediators' staff;

x. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Materials during or for his/her testimony, and may not retain the Confidential Materials; and

xi. By mutual consent.

b) Documents/information designated as "CONFIDENTIAL: Restricted Use" pursuant to paragraphs 2 through 4 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

6

i. The Court (including the Clerk's office, stenographic reporters, and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

ii. Counsel for the parties, employees of counsel and employees of the EEOC who have responsibility for the preparation for trial and trial of this lawsuit;

iii. Any service contractors (i.e., court reporters or outside photocopying or imaging services) engaged by counsel and the parties regarding this action;

iv. Employees, agents and consultants of counsel, the EEOC and the parties who are responsible for maintaining and providing technical support as to the electronic storage system(s) where Confidential Materials are stored

v. Defendant's in-house counsel, and their staff members, their professional and para-professional employees;

vi. Any consulting and testifying experts retained and/or designated by a party in this action;

vii. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew about the information;

viii. Mediators engaged by the parties and the mediators' staff;

ix. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Materials during or for his/her testimony, and may not retain the Confidential Materials; and

ix. By mutual consent.

c)  Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person, or court personnel.  Specifically, use of Confidential Materials during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

6. <u>Acknowledgment of Agreement</u>.  All persons to whom Confidential Materials are disclosed pursuant to paragraph 5 of this Order shall be bound by this Order.  Counsel for each party shall advise all persons to whom Confidential Materials are disclosed pursuant to this Order – other than individuals employed by the Court, individuals employed by the Commission, individuals employed by Counsel for the Parties, or in-house Counsel, staff, professional, and paraprofessional employees – of the existence of this Order and shall provide all such persons with a copy of this Order.  Counsel shall also require such persons to execute the Acknowledgment attached as *Exhibit A*.  It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Material pursuant to paragraph 5 of this Order have knowledge of the terms of this Order and agree to be bound by them.  Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

7. <u>Inadvertent Disclosure</u>.  In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court.  The

parties will then treat these documents as if they had been marked "Confidential" when they were first produced. If such information has been disclosed to persons not qualified pursuant to paragraphs 5 and 6 above, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Materials where disclosure would not have been authorized under paragraph 5, had the materials been designated upon production; (b) advise such persons that the material is Confidential; (c) comply, where applicable, with the acknowledgement provisions of paragraph 6; and (d) give the producing party written assurance that steps (a) and (b) have been completed.

8. <u>Use of Confidential Materials in this Case</u>. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in paragraphs 2 through 4 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. Nothing in this Agreement shall be deemed to limit the extent to which counsel for the parties may object to or oppose the production or admissibility or any information of documents which have been requested. Any motion, memorandum, document, or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to LCvR 6.1 and applicable law.

9. <u>Filing Sealed Documents</u>. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law in accordance with LCvR 6.1 and applicable law.

10. <u>Challenging Confidentiality</u>. Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that

the information, document or thing is Confidential Materials. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. Upon receipt of the written notice, the parties shall have fourteen (14) business days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation. No disclosure of such information shall occur pending resolution of any dispute under this paragraph. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

11. <u>Right to Object</u>. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection of Confidential Materials as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

12. <u>Disclosure</u>.

a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information that is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material, or other information. The language in this order is not intended to circumvent any protective order entered in another court or tribunal involving one or both of the parties. If materials are produced or obtained that either party has reason to believe are subject to a protective order in another case, the party receiving the information will request a meet and confer

with opposing counsel prior to the production, disclosure, or use of the document, and seek appropriate relief or guidance from this or another court, if needed.

b) If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Materials by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand-delivery or electronic transmission within twenty (20) business days of receipt of the Demand or within ten (10) business days prior to the deadline for compliance with the Demand – whichever occurs first – to the party or non-party who produced or designated the material as Confidential Materials, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Materials. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Materials, shall not constitute a violation of this Order.

13. <u>Return, Destruction and Retention by Counsel of Confidential Materials</u>. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. The Parties certify and affirm that within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy/delete or return all Confidential Material</u> received (which includes all such Confidential Material in the possession or

control of any expert or employee or other persons required to execute Exhibit A), including, but not limited to, all copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Material, except that counsel of record for the parties may retain copies of any part of the Confidential Material produced that has become part of official file of this litigation as well as abstracts or summaries of materials that reference confidential material or protected documents that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order. Notwithstanding this provision, counsel for the Parties is entitled to retain an archival copy of filings, depositions, and deposition exhibits. The ultimate disposition of protected materials is subject to a final order of the Court upon completion of the litigation.

14. <u>Application of this Order to Productions by Third Parties</u>. This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as "CONFIDENTIAL: Subject to Protective Order" or "CONFIDENTIAL: Restricted Use."

If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Materials, then any party to this action may designate that third party's documents or categories of documents as Confidential Materials. Any such designation shall be made using the procedures set forth in paragraph 4. Documents or other written or electronic materials received from a third party must be designated as Confidential Materials in accordance with subparagraph 4(a) or 4(b) and produced to all other parties within fifteen (15) business days after the designating party receives them.

In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Materials until its/their counsel has executed and, at the

request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

15. <u>Modification of the Agreement</u>.  In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

16. <u>Protection of Copies</u>.  All copies, extracts or summaries prepared from Confidential Materials produced hereunder shall be subject to the same terms of this Agreement as the Confidential Materials from which such copies, extracts or summaries were prepared, if properly designated.

17. <u>Notices</u>.  Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

18. <u>Effective Date</u>.  This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit until such time as it is modified, amended, or rescinded by the Court.

**SO ORDERED**.

Signed: August 14, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

<u>EXHIBIT A TO CONFIDENTIALITY ORDER
IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION</u>

CIVIL ACTION NO.: 5:22-CV-00044-KDB-SCR

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF, | ) ) | ACKNOWLEDGEMENT OF COMPLIANCE WITH |
| VS. | ) ) | CONFIDENTIALITY ORDER |
| WAL-MART STORES EAST, LP, | ) ) | |
| DEFENDANT. | ) | |

1. MY NAME IS _____. I LIVE AT _____. I AM WORKING ON BEHALF (OR AT THE DIRECTION AND ENGAGEMENT) OF _____.

2. I AM AWARE THAT A CONFIDENTIALITY ORDER HAS BEEN ENTERED IN THE ABOVE-CAPTIONED LAWSUIT. A COPY OF THIS CONFIDENTIALITY ORDER HAS BEEN GIVEN TO ME, AND I HAVE READ AND UNDERSTAND THE PROVISIONS OF SAME.

3. I ACKNOWLEDGE THAT DOCUMENTS AND INFORMATION DESIGNATED AS "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" OR "CONFIDENTIAL: RESTRICTED USE" PURSUANT TO SUCH CONFIDENTIALITY ORDER ("CONFIDENTIAL MATERIALS") ARE BEING DISCLOSED TO ME ONLY UPON THE CONDITIONS THAT I AGREE (A) TO BE SUBJECT TO THE JURISDICTION OF THIS COURT, AND (B) TO COMPLY WITH THAT ORDER. I HEREBY AGREE TO ABIDE BY SUCH ORDER, SUBJECT TO ALL PENALTIES PRESCRIBED THEREIN, INCLUDING CONTEMPT OF COURT, FOR DISOBEDIENCE OF SAID ORDER. I PROMISE THAT THE DOCUMENTS AND INFORMATION GIVEN CONFIDENTIAL TREATMENT UNDER THE CONFIDENTIALITY ORDER ENTERED IN THIS CASE WILL BE USED BY ME ONLY TO ASSIST COUNSEL FOR THE PARTIES IN PREPARING FOR LITIGATION OF THE ABOVE-CAPTIONED MATTER. I UNDERSTAND THAT ANY USE OF SUCH CONFIDENTIAL MATERIALS IN ANY MANNER CONTRARY TO THE PROVISIONS OF THE CONFIDENTIALITY ORDER MAY SUBJECT ME TO THE SANCTIONS OF THIS COURT FOR CONTEMPT AND TO LIABILITY FOR ANY DAMAGES CAUSED BY MY BREACH OF THE CONFIDENTIALITY ORDER.

4. I SHALL NOT DISCLOSE NOR PERMIT TO BE REVIEWED OR COPIED SAID CONFIDENTIAL MATERIALS, OR ANY INFORMATION DERIVED FROM, BY ANY PERSON OTHER THAN THE PARTIES AND COUNSEL FOR THE PARTIES OR MEMBERS OF THEIR STAFF.

5. WITHIN 30 DAYS AFTER THE ABOVE-CAPTIONED LAWSUIT ENDS IN A FINAL NON-APPEALABLE ORDER, I AGREE TO DESTROY ALL CONFIDENTIAL MATERIALS IN MY POSSESSION.

DATED: _____, 20___   _____
                                                                                    SIGNATURE

                                                                                     _____
                                                                                   PRINTED NAME